IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOANN KING,                    *
                               *
     Plaintiff,                *
                               *
                               *
vs.                            *    CIVIL ACTION 08-00161-KD-B
                               *
HAINJE'S, INC.,                *
                               *
     Defendant.                *

## REPORT AND RECOMMENDATION

This matter, which was referred to the undersigned Magistrate
Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule
72.2(c)(1), is before the Court on Defendant Hainje's, Inc.'s
Motion to Allow Counterclaim (Doc. 15).  After careful review of
Defendant's Motion and supporting memorandums, Plaintiff's response
in opposition, and relevant case law, the undersigned recommends
that Defendant's Motion be GRANTED.

## I.  Procedural History

Plaintiff Joann King filed this Truth-in-Lending action
against Hainje's, Inc., a furniture retailer, alleging that
Hainje's violated the Truth-in-Lending Act's (TILA) requirement
that the consumer, in a closed-end credit transaction, make an
affirmative written request for insurance, and that Hainje's, Inc.
(hereinafter "Hainje's") further failed to disclose to consumers
the fact that it keeps a significant portion of the charges for
insurance products as commission.  (Doc. 1)  Plaintiff purports to

bring this action on behalf of herself and a class of similarly situated persons. Defendant, on May 13, 2008, filed an Answer (Doc. 8) denying the substantive allegations in Plaintiff's Complaint. Subsequent thereto, Defendant filed the instant motion to Allow Counterclaim (Doc. 15). Defendant's proposed counterclaim is based on Alabama's Worthless Check Act, Ala. Code, §6-5-285, and alleges that Plaintiff tendered Defendant a worthless check for the last month's payment required under the parties' contract. (Doc. 15, Ex. A).

Plaintiff filed a response (Doc. 18) opposing Defendant's motion. Plaintiff's asserts that this Court has no subject matter jurisdiction over Defendant's counterclaim because the worthless check claim arises under state law. Plaintiff further asserts that while 28 U.S.C. § 1367(a) gives the court supplemental jurisdiction over claims that are so related or that arise out of the same transaction or occurrence as the claims in which the court has original jurisdiction, there is no common nucleus between Defendant's worthless check claim and Plaintiff's TILA claims. Thus, the counterclaim is permissive as opposed to compulsory. Plaintiff also argues that this Court should decline to exercise jurisdiction under § 1367(c) because the worthless check claim will require additional proof and thus will predominate over Plaintiff's TILA claim, and because it is being pursued for an improper purpose, namely to attempt to disqualify Plaintiff as class

2

representative.

Defendant argues that its counterclaim should be allowed because the counterclaim is compulsory; thus, it automatically gives rise to supplemental jurisdiction. Defendant further asserts that federal courts routinely hold that counterclaims based on underlying debts or checks for insufficient funds are compulsory. Additionally, Defendant avers that this Court can exercise supplemental jurisdiction over the counterclaim under § 1367(a) if the state law claim is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." According to Defendant, Plaintiff's claims and the counterclaim arise out of the exact same contract; thus, the claims are sufficiently related to form a part of the same case and controversy so as to give the Court jurisdiction under § 1367(a). Defendant further asserts that the exceptions under § 1367(c) do not apply. Defendant asserts that the worthless check counterclaim is not novel or complex, and it will not predominate over Plaintiff's TILA's claims. Defendant further argues that given the worthless check claim, Plaintiff may not be an adequate representative; thus, this is yet another reason for allowing the counterclaim. Finally, Defendant argues that allowing Plaintiff's claims and the counterclaim to proceed together in one action will promote judicial economy and efficiency.

## II.  Analysis

The parties agree that while this Court has original subject matter jurisdiction over Plaintiff's claims, the Court does not have original subject matter jurisdiction over Defendant's worthless check counterclaim because that claim arises under state law.   Notwithstanding the lack of original subject matter jurisdiction over the worthless check claim, the court must consider whether it shall exercise supplemental jurisdiction.

If a Counterclaim is "compulsory" under the meaning of Federal Rule of Civil Procedure 13, it gives rise to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Zambrana v. Geminis Envious Corp., 2008 U.S. Dist. LEXIS 45547 (S.D. Fla. 2008) (citations omitted).  A counterclaim is compulsory if it "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(b). The test the courts use to determine whether the claim and counterclaim arise from the same transaction or occurrence is the "logical relationship" test.   See Republic Health Corp. v. Lifemark Hospitals, 755 F.2d 1453, 1455 (11th Cir. 1985).  Under that test, a logical relationship exists when the "'same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant.'"  Id. at 1455; Plant v. Blazer Financial Services, Inc. of Georgia, 598 F.2d 1357, 1361 (5th Cir. 1979).

A permissive counterclaim may nevertheless give rise to federal subject matter jurisdiction if the state-law counterclaim is "so related" to the underlying federal claims that they "form part of the same case or controversy" under 28 U.S.C. § 1367(a). The Eleventh Circuit has held that a state-law claim "forms part of the same case or controversy" as a federal claim if they both arise from "a common nucleus of operative fact." See Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 742-43 (11th Cir. 2006); Palmer v. Hospital Auth., 22 F.3d 1559, 1563-64 (11th Cir. 1994) (a federal court has the power under section 1367(a) to exercise pendent jurisdiction over state claims which arise from the same occurrence and involve the same or similar evidence); L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 427 (11th Cir. 1984) (a federal court may exercise pendent jurisdiction over state law claims deriving from a common nucleus of operative facts with a substantial federal claim). The Eleventh Circuit has further held that whenever a federal court has supplemental jurisdiction under section 1367(a), that jurisdiction should be exercised unless § 1367(b) or (c) applies. Palmer, 22 F.3d at 1569. Any one of the § 1367(c) factors is sufficient to give the district court discretion to decline to exercise jurisdiction over a case's supplemental state law claim. Id.

Under § 1367(c), the district court can decline to exercise supplemental jurisdiction in four situations, namely where:

5

(1) the claim raises a novel or complex issue of state law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction § 1367(c).

In a case similar to the case at hand, the Fifth Circuit, in Plant v. Blazer Fin. Services, Inc., 598 F.2d 1357 (5th Cir. 1979)[1], addressed the issue of whether a lender's claim for default on a consumer installment contract was a compulsory counterclaim such that Fed.R.Civ.P. 13(a) required it to be asserted in the debtor's action for truth-in-lending violations.  The Plant Court observed that "[a]pplying the logical relationship test literally to the counterclaim in this case clearly suggests its compulsory character because a single aggregate of operative facts, the loan transaction, gave rise to both plaintiff's and defendant's claims." Id. at 1361.  The Court went on to conclude that default counterclaim was compulsory and noted that the obvious interrelationship of the claims and rights of the parties, coupled

---

[1]In Bonner v. City of Prichard, 661 F. 2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981

with the common factual basis of the claims, demonstrated a logical relationship between the plaintiff's underlying claim and the counterclaim.

The Eleventh Circuit, in <u>Heaven v. Trust Co. Bank</u>, 118 F.3d. 735 (llth Cir. 1997), relied upon the <u>Plant</u> decision in holding the trial court had properly determined that the defendant's counterclaim alleging default and fraud with respect to a lease agreement were compulsory claims under Fed.R.Civ.P. 13(a) and as such, they had to be asserted in the plaintiff's action alleging violations of the Consumer Lending Act, 15 U.S.C.S. §§ 1667-1667e.

The undersigned finds, based on the law of this Circuit, that Defendant's worthless check counterclaim is compulsory because a "single aggregate of operative facts," namely the installment contract, give rise to both Plaintiff's claims and Defendant's counterclaim. Moreover, it is worth noting that even if it were determined that the counterclaim is not compulsory, this Court would still have jurisdiction because the claim is so related to Plaintiff's truth-in-lending claim, that it would be a permissive claim under 28 U.S.C. § 1367(a). Both claims arise from the same underlying contract. While Plaintiff argues that this Court should decline to exercise jurisdiction under § 1367(c), the undersigned finds that Plaintiff has not established any of the grounds set forth in § 1367(c) for declining jurisdiction. The worthless check claim is straight-forward and does not involve novel or complex

issues.  Likewise, it does not appear that this claim will be hotly contested; thus, there is no basis for concluding that it would likely predominate over Plaintiff's claims.  Finally, Plaintiff has not cited compelling reasons for declining jurisdiction under § 1367(c).  Given the interrelatedness of the claims, handling them in one action will promote judicial economy.  Accordingly, for the reasons set forth above, the undersigned recommends that Defendant's Motion to Allow Counterclaim be GRANTED.

The attached sheet contains important information regarding objections to this report and recommendation.

**DONE** this **22nd** day of **July, 2008.**

                    **/s/ SONJA F. BIVINS**
                    **UNITED STATES MAGISTRATE JUDGE**

8

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Opposing party's response to the objection.</u>**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the

magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**  s / SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**